UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GREGORY B. BEHR                                                                               PLAINTIFF
# 2200000697

V.                                    No. 4:23-CV-761-JM-JTR

KATHREN SCHULER, Jail
Administrator, Dallas County
Detention Center; JORDAN
ABLES, Dallas County Detention
Center; and DOE, Sheriff, "Mike,"
Dallas County                                                                               DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.     Introduction

On August 16, 2023, Plaintiff Gregory B. Behr ("Behr"), a convicted prisoner currently in the Dallas County Detention Center waiting to be transferred, filed a *pro*

*se* § 1983 Complaint alleging that the Dallas County Sheriff ("Doe"), Dallas County Detention Center Administrator Kathren Schuler, and Jordan Ables (collectively, "Defendants") violated his constitutional rights. *Doc. 2*. Behr filed an Amended Complaint that named as a Defendant only Schuler in her official capacity. *Doc. 5*. The Court screened Behr's pleadings as one and found he failed to state a claim on which relief may be granted. *Doc. 6*. The Court gave Behr the opportunity to file an Amended and Substituted Complaint to cure the deficiencies in his pleading. *Id*. Behr filed his Amended and Substituted Complaint on October 3, 2023. *Doc. 7*. The Court will now continue screening his claims.

## II.   Discussion

Before Behr can proceed with his claims, 28 U.S.C. § 1915A requires the Court to screen his Complaint, which "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added); *see also* Fed. R. Civ. P. 8(d) (allegations must be "simple, concise, and direct"). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Iqbal*, 556 U.S. at 678. Finally, a prisoner's § 1983 Complaint must allege facts sufficient to show how each defendant was *personally involved* in the alleged constitutional wrongdoing. *Id*. at 676 (emphasis added).

### A. Behr's Allegations

In his Amended and Substituted Complaint, Behr sued Schuler in her official capacity only. *Doc. 7 at 2*. He alleges that the conditions of his confinement at the Detention Center were unlawful. His statement of claim is brief, reading, in its entirety:

> There is no regular outside recreation. There is no regular clothes change out. Inmates are allowed only 1 blanket. No sheets. A changeout usually only consists of hygiene. Almost never actual uniforms changed out. Food diet does not meet daily calorie limit. 6 inch matts were swapped out for a red ¼ inch foam mat. Diet consists same tray for breakfast every day grits, 1 biscuit, 1 egg patty, 1 piece of cheese. Lunch everyday 1 scoop white rice 2 pieces of bread 1 slice cheese 1 piece bologna. Dinner alternates every other day chicken rice, 1 piece cornbread 1 piece cake 1 scoop vegetable next day barbeque beans 1 scoop vegetables 1 piece corn bread 1 piece cake.

*Id. at 4*.

Behr seeks damages, "real meat portions," "hot dogs for lunch," a "[l]arger variety of tray dishes," and "oatmeal, waffles, and peanut butter," among other relief. *Id. at 5*.

### B. Defendants Ables and Doe

Behr was on notice that his Amended and Substituted Complaint would supersede his original Complaint, rendering the original Complaint of no legal effect. *Doc. 6 at 5*. Behr did not name Ables or Doe as Defendants in his Amended and Substituted Complaint, and he made no allegations against them in his statement

of claim. *Doc. 7*. As such, there are no claims pending against Defendants Ables and Doe and they should be terminated as parties to this action.

### C. Behr's Amended and Substituted Complaint Fails to State a Claim on Which Relief May be Granted

Despite guidance from the Court, Behr's Amended and Substituted Complaint does not provide enough information for the Court to understand the nature of his official capacity claims.

A municipality like Dallas County is a "person" as that term is used in 42 U.S.C. § 1983. For the purposes of Behr's claims here, Schuler is Dallas County. Behr can establish municipal liability by showing that a constitutional violation was the result of an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom. *Corwin v. City of Independence, Missouri*, 829 F.3d 695, 699 (8th Cir. 2016) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)). But a municipality may not be held liable "solely because its employs a tortfeasor." *Szabla v. City of Brooklyn Park, Minnesota*, 486 F.3d 385, 389 (8th Cir. 2007). In short, Behr must show that Dallas County caused the alleged constitutional violations.

But Behr did not claim that an official policy promulgated by Schuler caused his alleged unlawful conditions of confinement. He also has not alleged that Schuler was deliberately indifferent to or tacitly authorized an unlawful unofficial custom.

4

Further, Behr has not asserted any failure to train or supervise evidenced by a pattern of similar unconstitutional violations of which Schuler was aware.

Behr's Amended and Substituted Complaint is written in such a way that it is not possible to glean what role Schuler, in her official capacity, played in the alleged violations. Without more, Behr's official capacity claims against Schuler fail.

Further, the conditions about which Behr complains do not necessarily rise to the level of a violation. To state a viable conditions of confinement claim, Behr must establish that: (1) objectively, he was subjected to conditions within the prison that created a substantial risk of serious harm to his health or safety; and (2) subjectively, Defendants were deliberately indifferent to the known risk of harm posed by those conditions. *See Davis v. Oregon County, Missouri*, 607 F.3d 543, 548–49 (8th Cir. 2010); *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004).

For example, Behr does not allege lack of exercise, only lack of outside recreation. But there is no clearly established right to outdoor recreation. See *Roos v. Clark*, No. 4:19-CV-895-BRW-PSH, 2022 WL 4229981, at *10 (E.D. Ark. Aug. 26, 2022), report and recommendation adopted, 2022 WL 4225965 (E.D. Ark. Sept. 13, 2022) (gathering cases). While Behr complains that he has only one blanket and no sheets, without more it is not clear how this creates a substantial risk of serious harm to his health or safety. This holds true for Behr's allegations about having only a ¼ inch foam mat instead of a 6 inch mat and uniforms "almost never" being

5

changed out, as well. Behr complains about inadequate calories, but based on the relief he seeks he is more displeased about the food choices than the nutritional value. And he has not explained if he has been harmed or will likely be harmed by the meals he receives.

It is clear from Behr's Amended and Substituted Complaint that the Dallas County Detention Center is not a very comfortable place to be. But the "Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Without further details to show how the conditions he complained of created a substantial risk of harm to him, Behr's allegations fail to establish unconstitutional conditions. Behr's official capacity claims against Schuler fail for the additional reason that he did not establish an underlying violation.

### III.  Conclusion

Behr has no pending claims against Defendants Ables and Doe. These Defendants should be terminated from this action. Further, Behr's Amended and Substituted Complaint should be dismissed, without prejudice, for failing to state a claim on which relief may be granted.

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants Ables and Doe be TERMINATED as parties to this action.

2. Behr's Amended and Substituted Complaint (*Doc. 7*) be DISMISSED, without prejudice.

3.	The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *see Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.), *cert. denied*, 142 S. Ct. 2837 (2022).

4.	The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 11th day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE